IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:07-CV-43-BO

| | | |
|---|---|---|
| JUDITH ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on cross motions for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). Plaintiff claims that her combined ailments are sufficiently disabling to qualify her for benefits. The Commissioner contends that the denial of benefits is supported by substantial evidence. For the reasons stated below, Plaintiff's Motion for Judgment on the Pleadings is DENIED and the Commissioner's decision is AFFIRMED.

I.  SUMMARY OF THE INSTANT DISPUTE

On July 13, 2005, Plaintiff filed an application for a period of disability and disability insurance benefits. Transcript ("T") pp. 57-62. Plaintiff's application was denied both initially and upon reconsideration. T pp. 26-30, 32-34. Plaintiff requested a hearing, which was held on December 12, 2006. T pp. 318-331.

On February 20, 2007, the ALJ issued a decision adverse to Plaintiff, in which he found that Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work as a secretary/bookkeeper. T pp. 13-23. Plaintiff's request for review was denied by the Appeals

Council on August 15, 2007, rendering the Commissioner's decision final. T pp. 5-7. Plaintiff timely filed this action, and this matter is now before the Court.

II.  DISCUSSION

The Commissioner's decision is supported by substantial evidence and is AFFIRMED. If the Commissioner's decision is supported by substantial evidence, it is conclusive.[1] Substantial evidence that evidence which a reasonable mind might accept as adequate to support a conclusion.[2] Plaintiff alleges that, although each of her ailments individually is not considered disabling, the combination is devastating.

The ALJ considered Plaintiff's various ailments, including her diarrhea, heart disease, degenerative joint disease of the knees, tinnitus, and thyroid dysfunction. T p. 18. He found that Plaintiff had the severe impairments of systemic lupus erythematosus and Meniere's disease. T pp. 18-19. After considering Plaintiff's ailments individually and in combination, the ALJ found that these ailments did not qualify Plaintiff as disabled because they did not exist for a continuous period of twelve months, responded to medication, did not require any significant medical treatment, and did not result in any continuous exertional or non-exertional functional limitations.

The medical records support this conclusion. On September 26, 2005, a mere two months after filing for disability, Plaintiff reported that she was pain free and able to exercise. T p. 188. The October 26, 2005, examination showed no joint swelling, tenderness, deformity, or

---

[1] 42 U.S.C. § 405(g).

[2] *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

Case 2:07-cv-00043-BO   Document 17   Filed 11/05/08   Page 2 of 3

significant decreased range of motion. T p. 253. Plaintiff was able to get on and off the examining table without assistance and did not need assistance ambulating. *Id.* In March 2006, Plaintiff's examination revealed that she had normal muscle tone and strength in all extremities and normal sensation to pinprick, temperature, light touch and proprioception. T p. 275.

Because the objective medical evidence provides substantial support for the Commissioner's decision, the decision is AFFIRMED.

SO ORDERED, this __3__ day of November 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE